**FILED**
March 08, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GABRIEL REYES,** <br> **TDCJ No. 02295452,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | § § § § § § § § § § § § § | **CIVIL NO. SA-22-CA-01331-OLG** |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Gabriel Reyes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 6).  Petitioner challenges the constitutionality of his 2019 state court convictions for theft, evading arrest, and assaulting a public servant, arguing that his guilty plea was involuntary because: (1) his mental health issues—specifically, a diagnosis of PTSD—rendered him actually innocent of the charged offenses, and (2) trial counsel provided ineffective assistance by failing to have his mental health evaluated prior to pleading guilty.  In response, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).  Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In November 2019, Petitioner plead guilty in Atascosa County to theft of property, evading arrest, and assault on a public servant—all third-degree felonies under Texas law. *State v. Reyes*, No. 19-03-0071-CRA (81st Dist. Ct., Atascosa Cnty., Tex. Nov. 20, 2019).[1] Pursuant to the plea bargain agreement, Petitioner was sentenced to twenty years of imprisonment for each offense, with the sentences to run concurrently. Because Petitioner waived his right to appeal as part of the plea bargain agreement, he did not directly appeal his convictions and sentences.[2]

Instead, Petitioner challenged the constitutionality of his state court convictions by filing an application for state habeas corpus relief on July 27, 2022, at the earliest.[3] *Ex parte Reyes*, No. 76,899-02 (Tex. Crim. App.).[4] The Texas Court of Criminal Appeals eventually denied the application without written order on October 12, 2022.[5] Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on December 7, 2022.[6]

## II. Timeliness Analysis

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1] ECF No. 7-1 at 29-36 (Plea Agreement), 54-59 (Judgments).

[2] *Id*. at 33-34.

[3] Because of Petitioner's *pro se* status, the prison mailbox rule applies to his state habeas application. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[4] ECF No. 7-1 at 68-85.

[5] ECF No. 7-3.

[6] ECF No. 1 at 10.

>judgment of a State court. The limitation period shall run from the latest of—
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's convictions became final December 20, 2019, when the time for appealing the judgments and sentences expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying convictions expired a year later on Monday, December 21, 2020.[7] Because Petitioner did not file his § 2254 petition until December 7, 2022—almost two years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to statutory or equitable tolling.

**A.     Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[7] Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

pending shall not be counted toward any period of limitation under this subsection." Petitioner did challenge the instant convictions by filing an application for state post-conviction relief in July 2022. But as discussed previously, Petitioner's limitations period for filing a federal petition expired in December 2020. Because the state habeas application was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed in December 2022, is still almost two years late.

**B.      Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's assertion of the statute of limitations, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v.*

*Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

To the extent Petitioner asserts that his PTSD is grounds for equitable tolling, he fails to demonstrate that his mental illness is a rare and exceptional circumstance that prevented his timely filing. Indeed, a claim of mental incapacity may support equitable tolling only if "the mental impairment precluded the prisoner from asserting his legal rights." *Fisher v. Johnson,* 174 F.3d 710, 715-716 (5th Cir. 1999). To qualify for equitable tolling, a prisoner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights in a timely manner. *See Smith v. Johnson,* 247 F.3d 240 (5th Cir. 2001) (equitable tolling is only appropriate in exceptional circumstances when the prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights). Petitioner's bid for equitable tolling clearly falters because he does not even attempt to make this showing.

Regardless, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's conviction became final in December 2019, yet Petitioner filed nothing until July 2022 when he executed his state habeas corpus application challenging the underlying convictions. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited another two months after the Texas Court of Criminal Appeals denied his state habeas application in October 2022 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

C.     **Actual Innocence**

Finally, Petitioner appears to argue that his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, a petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Petitioner seems to argue that his PTSD and impaired mental state somehow establish his innocence of the charged offenses. However, such conclusory assertions do not constitute "*new* reliable evidence" establishing his innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Petitioner's barebones allegation of "innocence," unsupported by any argument or

6

evidence from the record, is insufficient, particularly in light of his guilty pleas. Consequently, the untimeliness of his federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.[8]

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

---

[8] To the extent Petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by almost two years and provided no valid justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief, and a COA will not issue.

## IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 6) is **GRANTED**;

2. Federal habeas corpus relief is **DENIED**, and Petitioner Gabriel Reyes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the __8th__ day of March, 2023.

_____
**ORLANDO L. GARCIA**
**United States District Judge**